IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-187-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ISAAC WOODS, INDIVIDUALLY AND ) | |
| AS TRUSTEE, REGINA BAILEY WOODS, ) | O R D E R |
| INDIVIDUALLY AND AS TRUSTEE, ) | |
| UNITED FINANCIAL RESOURCES, INC. ) | |
| a/k/a UFR BUILDINGS, a North Carolina ) | |
| Corporation, LEE AND LEA, INC., a North ) | |
| Carolina Corporation, and ELLA R. ) | |
| WOODS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following motions: the motion of defendants Isaac Woods, Regina Bailey Woods, and Ella R. Woods (collectively "individual defendants") to dismiss or transfer for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3),[1] the motion to quash by Isaac Woods, the motion for leave to file supplemental defenses and counterclaim by the individual defendants, the motion to dispense with court hosted or mediated settlement conference by the government, the motion to vacate and for preliminary injunction by Isaac Woods, and the motion for a "five day ruling" by Isaac Woods. The government has responded to all of defendants' motions, with the exception of the motion to vacate and for preliminary injunction and the motion

---

[1] Isaac Woods filed his motion and memorandum in support of his motion on 7 March 2008. Subsequently, on 21 March 2008, Ella Woods filed a motion requesting to join in the motion filed by Isaac Woods. On 10 April 2008, Regina Woods filed a motion requesting to join in the motion filed by Isaac Woods, but also filed a memorandum in support of her motion, which contained the identical argument found in Isaac Woods' memorandum. On 14 April 2008, Ella Woods filed another motion requesting to join in the motion filed by Isaac Woods, and attached to this motion a memorandum in support of her motion, which also contained the identical argument found in Isaac Woods' memorandum. This final motion of Ella Woods was incorrectly docketed three times. The court's order addresses and dispenses with all of these motions.

for five day ruling. As to the latter two motions, the court's ruling obviates the need to wait for the government's response time to run. Defendants have not responded to the government's motion; however, the time in which to do so has expired. Accordingly, these matters are ripe for disposition.

## BACKGROUND

On 30 April 2007, defendants Isaac Lee Woods and Regina Bailey Woods were tried by a jury in this district and found guilty of the following offenses: conspiracy to commit identity theft, to commit wire fraud, to make false entries to a lending corporation, and to make false statements to the government; wire fraud; making false entries to Ginnie Mae and the U.S. Department of Housing and Urban Development ("HUD"); making false statements to the government; conspiracy to commit money laundering; and money laundering. In addition to terms of imprisonment, Isaac and Regina Woods were sentenced to make restitution to HUD, jointly and severally, in the amount of $1,251,727.00.

On 22 May 2007, the government filed the present action against defendants pursuant to the Federal Debt Collection Act alleging fraudulent transfers of real property located in Durham, North Carolina from corporations owned/controlled by Isaac and Regina Woods, to other defendants, in an attempt to avoid paying the court-ordered restitution. The individual defendants now contend that venue is improper in this district, and that the case should either be dismissed or transferred to the Middle District of North Carolina, the situs of the real property at issue.

## DISCUSSION

2

**A.     Motion to Transfer**

Jurisdiction in this action is based on a federal question pursuant to 28 U.S.C. § 1331 as well as the United States as a party pursuant to 28 U.S.C. § 1345. Accordingly, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

The individual defendants argue that the proper venue for this case is the situs of the real property, which is in the Middle District of North Carolina. (Transfer Mem. at 2). Additionally, the individual defendants contend that because the events related to the allegedly fraudulent transfer occurred in the Middle District, venue is proper there. (Id. at 3). Finally, the individual defendants contend that the Middle District is the most convenient forum for the parties and witnesses. (Id. at 4). The government, however, contends that venue is proper in the Eastern District of North Carolina because the criminal acts which led to the original debt were perpetuated in this district. (Resp. to Transfer Mot. at 5). The court agrees. Certainly those criminal acts were the events which gave rise to the government's claim of fraudulent conveyance pursuant to the Fair Debt Collection Practices Act.

Additionally, the government asserts that this district is appropriate under the doctrine of forum non conveniens. (Id. at 6-7). Pursuant to that doctrine, the court may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The individual defendants' argument regarding the inconvenience of defending this action in this district is based on the fact that defendant Ella Woods and the individual defendants' witnesses resided in Durham, North Carolina, and the case was to be tried in New Bern, North Carolina, approximately two and one half

3

hours away. (Transfer Mem. at 4). However, because the case has been re-assigned to the undersigned, who sits in Raleigh, North Carolina, a mere twenty minutes from Durham, that concern has been alleviated. Therefore, the individual defendants' motion to dismiss or transfer for improper venue is **DENIED**.

**B.      Motion to Quash**

On 11 April 2008, defendant Isaac Woods filed a motion to quash the telephone deposition of co-defendant Regina Woods, which was scheduled for 15 April 2008. In the event that the deposition has taken place prior to the court's ruling on the motion to quash, Isaac Woods requests that the government be prohibited from using any portion of the deposition in the trial of this action (Mot. to Quash at 2).

Isaac Woods argues that the deposition of Regina Woods should be quashed for four reasons: failure to provide him with timely notice of the deposition, failure to gain approval by the court or the parties for a telephonic deposition, failure to provide him with discovery to be used during the deposition, and failure to make arrangements to allow for his participation in the deposition. (Id. at 1). The court will address each of these arguments in turn.

Federal Rule of Civil Procedure 30(b)(1) requires a party taking a deposition to give reasonable notice to the other parties of the time and place of the deposition. On 7 March 2008, the government noticed the deposition of Regina Woods for 24 March 2008. (Resp. to Mot. to Quash at 2). However, on the scheduled day of the deposition Regina Woods' case manager at the prison reported that she had a medical appointment. (Id.). Subsequently, on 1 April 2008, the government noticed her deposition for 15 April 2008. (Id.). Isaac Woods received this notice on 8 April 2008– one week prior to the deposition. (Mot. to Quash at 1; Resp. to Mot. to Quash at 3). There is no

evidence that Isaac Woods did not receive the original notice, which was mailed on 7 March 2008. (See Resp. to Mot. to Quash at 2). Therefore, he was on notice for over one month about the pending deposition of Regina Woods. Further, the court finds that the government's mailing of the notice of the rescheduled deposition two weeks prior to the deposition, and Isaac Woods' receipt of that notice one week prior to the deposition, was reasonable.

Isaac Woods next contends that there was no order by the court or agreement among the parties to hold a telephonic deposition. (Mot. to Quash at 1). Federal Rule of Civil Procedure 30(b)(4) allows depositions to be taken telephonically upon stipulation of the parties or court order. In this case, prior to his withdrawal, on 19 February 2008, defendants' attorney agreed to telephonic depositions of both Isaac Woods and Regina Woods, as they were both in prison in West Virginia and Texas, respectively. (Resp. to Mot. to Quash at 2, 4).

Isaac Woods also argues that the government failed to provide him with discovery materials that would be used in the deposition. (Mot. to Quash at 1). However, the government has stated that on 7 March 2008 it mailed to Isaac Woods a large binder of exhibits which might be used in the deposition, and that Isaac Woods' case worker at the prison told government counsel during a phone conversation that the binder had been received. (Resp. to Mot. to Quash at 2, 3-4).

Finally, Isaac Woods argues that the government should have coordinated with him to allow for his participation in the deposition. (Mot. to Quash at 1). Isaac Woods had the ability to participate in the deposition by submitting written questions in a sealed envelope to the government, who then would have been required to deliver the questions to the deposition officer to be asked at the deposition. See Fed. R. Civ. P. 30(c)(3). Isaac Woods chose not to avail himself of this right. Further, Isaac Woods is unable to show any prejudice resulting from the government's taking of

5

Regina Woods' deposition in his absence, given Regina Woods asserted her Fifth Amendment privilege in response to many of the questions asked and thus little information was revealed during the deposition. (Resp. to Mot. to Quash at 5). For all of the foregoing reasons, Isaac Woods' motion to quash is **DENIED**.

**C.    Motion for Leave to File Supplemental Defenses and Counterclaim**

The individual defendants have filed a motion requesting that the court allow them to amend their answer to add certain language to the four defense, and assert five additional defenses and a counterclaim. The motion was filed prior to the expiration of the deadline for amending the pleadings as set forth in the case management order. The government opposes the motion, arguing that the amendments would be both prejudicial to the government and futile.

Federal Rule of Civil Procedure 15(a)(2) instructs that the court should "freely give leave [to amend the pleadings] when justice so requires." However, leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Delay in making the request to amend is insufficient to deny leave to amend, unless it is accompanied by prejudice, bad faith, or futility. Id.

The government argues that the individual defendants' delay in bringing the motion will cause prejudice to it because a majority of the discovery has already been completed. (Resp. to Mot. to Amend at 3). The government asserts that this case has been pending for nearly one year, and if the amendments are allowed, the case management order would need to be amended to permit the government to re-depose all the individual defendants. (Id.). The court disagrees with the

6

government and finds that re-deposing the individual defendants would not cause significant prejudice, especially in light of the fact both Isaac Woods and Regina Woods asserted their Fifth Amendment privilege in response to the majority of the questions asked. Furthermore, as set forth below, the court will extend the deadline for completion of discovery and will permit additional depositions, if requested.

The government also contends that the individual defendants' proposed fifth through ninth defenses and the counterclaim are futile, because they relate primarily to the underlying criminal trial and not to this case. (Id.). The court agrees that some of the proposed defenses are futile, but others will be allowed.

The individual defendants' fifth and sixth defenses are allegations of perjury and fraud in the underlying criminal action, which are not defenses to any of the claims in the amended complaint. Therefore, those defenses would be futile and will not be allowed.

The individual defendants' seventh defense of laches asserts that the individual defendants are disadvantaged because of the government's delay. The defense of laches does not appear to be futile, and the individual defendants will be permitted to amend their amended answer to assert it.

The individual defendants' eighth defense asserts government manipulation of the courts because the government took a certain position in a prior judicial proceeding that is inconsistent with its present position. This assertion is not a defense to any of the claims in the amended complaint and would, therefore, be futile.

The individual defendants' ninth defense asserts all defenses available under 28 U.S.C. §§ 3306 and 3307, including transfer of property in the ordinary course of business, good faith transfer, and enforcement of a security interest. Although the individual defendants may not simply list a

7

statute, the specific defense of good faith transfer does not appear to be futile and the individual defendants will be permitted to amend their amended answer to assert it.

Lastly, the individual defendants' counterclaim asserts a warrantless seizure of $24,000 from Woodbai Inc. Centura Bank, as well as mortgage notes and other documents. This alleged counterclaim contains no factual basis and therefore fails to state a claim for which relief may be granted. Therefore, it will not be allowed.

The individual defendants' motion for leave to amend their amended answer is **GRANTED IN PART and DENIED IN PART**. The individual defendants will be permitted to amend their amended answer only to add the requested language to their fourth defense and to assert the defenses of laches and good faith transfer. **The individual defendants shall file a second amended answer incorporating these two defenses within 20 days from the date of this order**.

D.      Motion to Dispense with Settlement Conference

The government has filed a motion requesting that the court amend the case management order to dispense with the requirement for a court-hosted or mediated settlement conference pursuant to Local Civil Rule 101.3(c). The case management order, entered by Chief Judge Flanagan, provided that the parties had agreed to participate in a court-hosted or mediated settlement conference within 15 days after the close of discovery. (CMO at 8). However, since the entry of that order, defendants' attorney was permitted to withdraw from representation and all of the individual defendants are currently proceeding pro se. (See DE-51). The corporate defendants, who cannot appear pro se, are also unrepresented. In its order of 14 March 2008, defendants were given until 13 May 2008 to obtain counsel. To date, no notice of appearance for any new counsel has been filed.

Local Civil Rule 101.3(c) permits the court to dispense with previously ordered mediation for good cause shown. The government contends that there is good cause because a corporation cannot appear in federal court without counsel, see Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993), and two of the individual defendants, who are also unrepresented, are incarcerated in Texas and West Virginia. (Govt.'s Mot. at 3-4). The court agrees that these facts constitute good cause to dispense with the court-hosted or mediated settlement conference and the government's motion is **GRANTED**.

**E.      Motion to Vacate and for Preliminary Injunction and Motion for Five Day Ruling**

Defendant Isaac Woods has filed a motion, pursuant to Rule 60(b) for an order to vacate the order entered by Magistrate Judge Gates, allowing the government an additional thirty days to produce discovery documents requested by Woods. (Mot. to Vacate at 1). Woods argues that the additional time is prejudicial to him, and will affect the case management order. (Id.). Woods also requests that the court grant him a preliminary injunction to prevent the government from seizing his assets, and that the government provide him with an itemized list of all assets seized. (Id. at 1-2). In a subsequent motion, Woods has requested that the court order the government to respond to his motion to vacate and for a preliminary injunction within three days and that the court issue its order within five days of the filing of Woods' motion. (Five Day Mot. at 1).

On 28 April 2008, the government filed a motion requesting additional time, up to and including 30 May 2008, in which to respond to Isaac Woods' request for production of documents. (See DE-93). The government did not seek the approval of Woods prior to filing the motion due to Woods' pro se status. (Id. at 1). On 30 April 2008, the court granted the government's request for additional time.

9

Woods' argument that he is prejudiced by this extension of time is unpersuasive. Woods has filed numerous motions himself, including a motion for leave to amend his amended answer, which has been granted in part. Therefore, a short extension of the discovery and dispositive motions deadlines is inevitable. Woods has cited no other specific prejudice that will occur; accordingly, the motion to vacate the order entered by Magistrate Judge Gates is **DENIED**.

Woods also seeks a preliminary injunction to prevent the government from seizing certain assets. (Mot. to Vacate at 1). However, any asserts which the government has seized likely relate to the order of restitution in the underlying criminal action and are not at issue in this case. Therefore, Woods' motion for a preliminary injunction is **DENIED**.

Because the court has now addressed Woods' motion to vacate and for preliminary injunction, Woods' motion for an order requiring the government to respond in three days and for a five day ruling is **DENIED as MOOT**.

**F.    Amended Case Management Order**

In light of the rulings by the court in this order, the pretrial deadlines in this case are amended as follows:

1. All discovery shall be completed by **30 June 2008**;

2. All potentially dispositive motions shall be filed by **30 July 2008**.

This case is hereby set for trial on **3 November 2008** in Raleigh, North Carolina.

This 16 May 2008.

                                                W. Earl Britt
                                                Senior U.S. District Judge

USA/ILW/MKM