IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-187-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ISAAC WOODS, INDIVIDUALLY AND ) | |
| AS TRUSTEE, REGINA BAILEY WOODS, ) | |
| INDIVIDUALLY AND AS TRUSTEE, ) | |
| UNITED FINANCIAL RESOURCES, INC. ) | |
| a/k/a UFR BUILDINGS, a North Carolina ) | |
| Corporation, LEE AND LEA, INC., a North ) | |
| Carolina Corporation, and ELLA R. WOODS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on several motions by the *pro se* defendants, Isaac, Regina, and Ella Woods: (1) a 19 December 2008 motion for extension of time to file a motion under Fed. R. Civ. P. 52(b); (2) a 31 December 2008 motion to amend and/or vacate the 10 December 2008 order and/or judgment under Fed. R. Civ. P. 52(b) and 60(b); (3) 29 December 2008 and 12 January 2009 motions to stay pursuant to Fed. R. Civ. P. 62;[1] (4) a 2 January 2009 motion to apply funds to the "Special Penalty Assessment" against defendants Isaac and Regina Woods;[2] (5) a 12 January 2009 motion to vacate under Fed. R. Civ. P. 60(b); (6) a 14 January 2009 motion for extension of time to file an appeal under Fed. R. App. P. 4(a)(5);[3] (7) a 19 February 2009 motion to dismiss for failure to prosecute; and (8) a 27 January 2009 motion to quash subpoenas pursuant to Fed. R. Crim. P. 17 and Fed. R. Civ. P. 45. In addition, on 10 February 2009, the government filed a "motion for

---

[1] These motions appear to be identical, and the court will consider them together.

[2] This motion was signed only by Isaac Woods.

[3] Defendants incorrectly cite this rule as Fed. R. Civ. P. 4(a)(5).

order requiring preview of filings." The motions are ripe for disposition.

## I. BACKGROUND

By way of brief background, defendants Isaac Woods and Regina Bailey Woods were tried by a jury in this district and found guilty on 30 May 2006 of various offenses involving financial fraud against Ginnie Mae and the U.S. Department of Housing and Urban Development ("HUD"). On 30 April 2007, in addition to terms of imprisonment, Isaac and Regina Woods were sentenced to make restitution to HUD, jointly and severally, in the amount of $1,251,727.00. The Fourth Circuit affirmed their convictions. United States v. Woods, Nos. 07-4485, 07-4486 (4th Cir. Oct. 8, 2008).

On 22 May 2007, the government filed the present action against defendants pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, alleging fraudulent transfers of real property located in Durham, North Carolina from corporations owned and/or controlled by Isaac and Regina Woods, to other defendants, in an attempt to avoid paying the court-ordered restitution. By order and judgment filed 10 December 2008, the court awarded summary judgment to the government, and ordered that various real property deeds be voided to the extent necessary to satisfy the debt owed by Isaac and Regina Woods to the United States. (12/10/08 Order at 12-13; 12/10/08 Judgment at 1-2.)

## II. DISCUSSION

A.   Rule 52(b) Motions

As noted above, on 19 December 2008, defendants filed a motion for an extension of time to file a Rule 52(b) motion, and on 31 December 2008, defendants filed a motion to amend the findings of fact in the court's 10 December 2008 order granting summary judgment to the

2

government. Rule 52(b) allows the court to make amended or additional findings of fact upon motion by a party, but the rule requires the motion to be "filed no later than 10 days after the entry of judgment[.]"[4] Fed. R. Civ. P. 6(b) allows for an extension of time to file a motion under Rule 52(b) only "to the extent and under the conditions stated" therein. Because Rule 52(b) does not contain any grounds under which a party may obtain an extension of time to file a motion under that rule, the court concludes that it cannot allow defendants' motion for an extension of time, and thus will not consider defendants' 31 December 2008 motion to the extent that it raises arguments under Rule 52(b). See, e.g., Miracle of Life, L.L.C. v. North American Van Lines, Inc., 447 F. Supp. 2d 519, 520 (D.S.C. 2006) (finding that the "court is without authority to extend the ten-day deadline" in Rule 59(e), because, like Rule 52(b), there is no provision for obtaining an extension as required by Rule 6(b)).

Furthermore, after careful review of the arguments raised in defendants' 31 December 2008 motion, the court would deny the motion under Rule 52(b) because "'[m]otions made under Fed. R. Civ. P. 52(b) . . . are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories. Instead, these motions are intended to correct manifest errors of law or fact or to present newly discovered evidence.'" Wahler v. Countrywide Home Loans, Inc., No. 1:05-CV-349, 2006 WL 3327074, *1 (W.D.N.C. Nov. 15, 2006) (citing Evans, Inc. v. Tiffany & Co., 416 F. Supp. 224, 244 (N.D. Ill. 1976)). In the 31 December 2008 motion, defendants raise many arguments that they have raised in prior motions and that have been addressed by prior orders of the court, and to the extent that defendants have

---

[4] Defendants recognize that Rule 52(b) has this deadline, but characterize it as a "request" rather than a mandate. (Mot. Extension at 1.) The court also notes that defendants moved for an extension until 30 December 2008, but filed the motion on 31 December 2008.

3

proffered any new evidence, such evidence does not appear to be "newly discovered" as the law requires.[5] The motions are DENIED.

B.     Rule 60(b) Motions

Fed. R. Civ. P. 60(b) allows the court to

> relieve a party . . . from a final judgment . . . for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Granting a Rule 60 motion is within the court's discretion. See Agostini v. Felton, 521 U.S. 203, 238 (1997).

> It is a well-settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. See Ackerman v. United States, 340 U.S. 193, 198 (1950). In order to obtain relief under Rule 60(b), the moving party must first satisfy a four-part threshold test. This test requires the movant to demonstrate: (1) timeliness; (2) a lack of unfair prejudice to the opposing party; (3) a meritorious defense; and (4) exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Once a party has made this threshold showing, he must then proceed to satisfy one of the six grounds for relief enumerated in Rule 60(b). Id.

---

[5] For example, defendants claim that they had no knowledge that "[f]orclsoure [sic] sale proceeds on mortage [sic] notes and Deed of Trust in the name of Woodbai Inc. was stolden [sic] from Woodbai Inc. . . . *untill [sic] post trial and sentencing*." (12/31/08 Mot. at 9 (emphasis added).) As noted above, Isaac and Regina Woods were convicted on 30 May 2006 and sentenced on 30 April 2007, before the government commenced the instant civil action, and well before the court rendered the instant judgment on 10 December 2008, and therefore this is not "newly discovered" evidence. In addition, the Woods have produced for the first time evidence of a loan from Woodbai Inc. to defendant Ella Woods secured by the 1108 Clarendon Street property, (12/31/08 Mot., Exh. 7 (Deed of Trust dated 8 May 2001 between Ella Woods and Woodbai Inc.)), but state only that "[a] hearing and trial would have disclosed these additional facts." (12/31/08 Mot. at 10.) Not only is this evidence not "new," it was clearly within the possession of defendants before the court granted the government's motion for summary judgment, and they had an obligation to produce the evidence in opposition to that motion.

4

> . . . .
> To succeed on a Rule 60(b) motion, the moving party's allegations "must be clearly substantiated by adequate proof" to the satisfaction of the district court. In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (internal quotations omitted).
> . . . .
> More generally, the Fourth Circuit has stated that "[d]istrict courts must rigorously examine the[] four predicate requirements" for relief under Rule 60(b) "because we have characterized Rule 60(b) as 'extraordinary' and to be used only in 'exceptional circumstances.'" Coomer v. Coomer, 2000 WL 1005211, at *4 (4th Cir. July 20, 2000) (unpublished). The Court has described this threshold test as "onerous" and has noted that movants are "unlikely" to clear such a hurdle. Id.

Buffalo Wings Factory, Inc. v. Mohd, No. 1:07-CV-612, 2008 WL 2557999, *2-3 (E.D. Va. June 23, 2008) (some citations omitted).

In examining the four factors set forth above, the court finds that the motions are timely filed and of no prejudice to the government; however, the court finds that defendants have failed to produce any meritorious defense or exceptional circumstance meriting reconsideration of the court's 10 December 2008 order and judgment. The court has carefully reviewed the motions and exhibits submitted by defendants, and once again, defendants have either raised arguments addressed by prior court orders or contentions that they could and should have raised at summary judgment. The motions are DENIED.

C.  Rule 62(b) Motions to Stay

Rule 62(b) provides that "the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition" of motions made pursuant to Rules 52(b) and 60. Because the court has now ruled on defendants' Rule 52(b) and 60(b) motions, the motion to stay is DENIED AS MOOT. See Snyder v. Phelps, 533 F. Supp. 2d 567, 596 (D. Md. 2008) (considering post-trial motions under Rules 52(b) and 60(b) along with Rule 62(b) motion to stay and therefore denying the motion to stay as moot).

5

D.  Isaac Woods' Motion to Apply Funds to the Special Assessment Penalties

On 2 January 2009, Isaac Woods sent a letter to the Clerk requesting that certain "payments made . . . be applied to the 'Special Penalty Assessment' first for both Isaac Lee Woods and Regina Bailey Woods." The court notes that this document references the Woods' criminal case rather than the instant civil case, and therefore should have been filed in the criminal case. Accordingly, the Clerk is DIRECTED to terminate the motion in the instant case and file it in the criminal case as of 2 January 2009, the date it was filed in the instant civil case.

E.  Motion to Dismiss for Failure to Prosecute

Defendants seek dismissal of this action because the government "has fail [sic] to response [sic] or object within the time allowed by local rules" to the various motions disposed of in the instant order. After careful consideration of the arguments raised by defendants, the motion is DENIED.

F.  Motion to Quash Subpoenas

With regard to defendants' motion to quash subpoenas issued by the government to various financial institutions, the court agrees with the government that this motion must be denied without prejudice because the subpoenas at issue were issued in the criminal case against Isaac and Regina Woods. (See Mot., Exhs. 1-4 (subpoenas issued by government to four banks).) While defendants contend that they filed the motion in the instant case because the subpoenas were entitled "Subpoena in a Civil Case," (Reply at 1 (emphasis in original not supplied)), the court notes that the subpoenas are clearly marked with the criminal case number, and given the number of motions filed by defendants in both cases, the court is confident that defendants are aware of the difference between the two actions. Additionally, the court notes that "[t]ypically, a party has no standing to challenge

a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right." United States v. Gordon, 247 F.R.D. 509, 510 (E.D.N.C. 2007).

G.  Motion for Extension of Time to Appeal Pursuant to Fed. R. App. P. 4(a)(5)

Pursuant to Fed. R. App. P. 4(a)(1)(A), a notice of appeal "must" be filed with the district clerk within thirty days after the judgment or order appealed from is entered. This limitation is "'mandatory and jurisdictional.'" Shah v. Hutto, 722 F.2d 1167, 1167 (4th Cir. 1983) (quoting Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978)). However, pursuant to Fed. R. App. P. 4(a)(5), the district court may extend the time to file a notice of appeal if a party so moves no later than thirty days after the expiration of the original thirty day period for filing the notice of appeal and the party shows excusable neglect or good cause. Defendants seek an additional sixty days from the date of this order in which to file an appeal. The court concludes that defendants timely filed the motion, and that defendants have shown good cause in wanting to wait to appeal until after the court ruled on their post-judgment motions. However, the court finds that sixty days is an unreasonably long extension. Accordingly, the motion is GRANTED IN PART, and defendants shall have thirty days from the date this order is filed in which to file a notice of appeal.

H.  Government's Motion for Court Preview of Filings

Finally, on 10 February 2009, the government filed a motion "request[ing] that the [c]ourt . . . preview[] all future filings in this matter . . . for any response that is deemed necessary on behalf of the [g]overnment." (Govt. Mot. at 1.) After careful consideration of the arguments raised by the government, the motion is DENIED.

III.  CONCLUSION

For the foregoing reasons, defendants' 19 December 2008 motion for extension of time is DENIED AS MOOT. Defendants' 31 December 2008 and 12 January 2009 motions to amend and/or vacate are DENIED. Defendants' 29 December 2008 and 12 January 2009 motions to stay are DENIED AS MOOT. The Clerk is DIRECTED to terminate the 2 January 2009 motion to apply funds to the "Special Penalty Assessment" in the instant case and refile it in the criminal case. Defendants' 14 January 2009 motion for extension of time to file an appeal under Fed. R. App. P. 4(a)(5) is ALLOWED IN PART, and defendants shall have thirty days from the date this order is filed within which to file a notice of appeal. Defendants' 19 February 2009 motion to dismiss for failure to prosecute and 27 January 2009 motion to quash subpoenas are DENIED. The government's 10 February 2009 motion is DENIED.

This 25 February 2009.

                                        W. Earl Britt
                                        Senior U.S. District Judge