UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CV-187-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>ISAAC LEE WOODS, )<br>REGINA BAILEY WOODS, )<br>ELLA R. WOODS, and )<br>UNLIMITED FINANCIAL RESOURCES, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on *pro se* defendants Woods' motion to set aside the judgment under Fed. R. Civ. P. 60(b). The motion has been fully briefed and is ripe for disposition.

By way of brief background, defendants Isaac Woods and Regina Bailey Woods were tried by a jury in this district and found guilty on 30 May 2006 of various offenses involving financial fraud against Ginnie Mae and the U.S. Department of Housing and Urban Development ("HUD"). On 30 April 2007, in addition to terms of imprisonment, Isaac and Regina Woods were sentenced to make restitution to HUD, jointly and severally, in the amount of $1,252,727.00. The Fourth Circuit affirmed their convictions. United States v. Woods, Nos. 07-4485, 07-4486 (4th Cir. Oct. 8, 2008).

On 22 May 2007, the government filed the present action against defendants pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, alleging fraudulent transfers of real property located in Durham, North Carolina from corporations owned

and/or controlled by Isaac and Regina Woods, in an attempt to avoid paying the court-ordered restitution. By order and judgment filed 10 December 2008, the court awarded summary judgment to the government. Defendants appealed the judgment, and the Fourth Circuit affirmed by order and judgment filed 30 September 2009. United States v. Woods, No. 09-1296 (4th Cir. Sept. 30, 2009).

Defendants filed the instant motion, their second Rule 60(b) motion, on 13 July 2010. Defendants now seek relief from summary judgment, claiming that judgment is void for lack of subject matter jurisdiction. Specifically, defendants argue this court lacks subject matter jurisdiction because the property in question is located in Durham and all transfers took place in Durham, which city is within the territorial jurisdiction of the United States District Court for the Middle District of North Carolina. (07/13/10 Mot. Set Aside Summ. J. at 2). The crux of defendants' argument really challenges venue, not subject matter jurisdiction, an issue which defendants previously raised in their 7 March 2008 motion to dismiss or transfer for improper venue. In denying that motion, the court found jurisdiction exists based on a federal question pursuant to 28 U.S.C. § 1331, as well as the United States as a party pursuant to 28 U.S.C. § 1345. (05/16/08 Order at 3). The court also found venue to be proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Here, defendants' criminal acts which led to the original debt were perpetrated in this district. By virtue of the FDCPA action, the government is enforcing the criminal money judgment entered against defendants in this district.

Although the court has previously rejected defendants' contention that the judgment is somehow invalid because the property at issue and transfers took place in another district, the

2

court goes on to recognize additional grounds for denying defendants' motion. Under the FDCPA, the United States has nationwide enforcement powers, such that "[a]ny writ, order, judgment or other process, including a summons and complaint . . . may be served in any State; and (B) such writ, order or judgment may be enforced by the court issuing the writ, order or process, regardless of where the person is served the writ, order or process." United States v. Lazorwitz, 411 F. Supp. 2d 634, 638 (E.D.N.C. 2005) (quoting 28 U.S.C. § 3004(b)(1)(a)). In Lazorwitz, the government sought to garnish proceeds from the defendant's pension plan under the FDCPA after the defendant pleaded guilty to various financial crimes and had been ordered to pay restitution. Id. at 635. The court ruled that the writ of garnishment was properly filed in the Eastern District of North Carolina, where the defendant was prosecuted, even though the subject pension plan was located in New York and the defendant was residing in Texas. Id. at 638.

Similarly, in the present case, defendants were convicted and sentenced in this judicial district. Pursuant to the FDCPA, the government properly filed a fraudulent conveyance action against defendants in this district to recover restitution by money judgments entered in this district.

Accordingly, defendants' Rule 60(b) motion is DENIED.

This 27 September 2010.

_____
W. Earl Britt
Senior U.S. District Judge